IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SHEYENNE MYERS,**<br><br>*Plaintiff,*<br><br>v.<br><br>**UNITED AIRLINES, INC.**<br><br>*Defendant.* | Civil Action No.: _____ |

## COMPLAINT

COMES NOW, Plaintiff Sheyenne Myers ("Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendant United Airlines, Inc. ("Defendant" or "United"), on the grounds and in the amount set forth as follows:

## NATURE OF THE ACTION

1. This action seeking declaratory relief and monetary damages, arising out of the discriminatory adverse employment actions Defendant took against Plaintiff because of her religion and sincerely held religious beliefs in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), and the Mass. Civil Rights Act, M.G.L. c. 151B, §4(1)(A) ("MCRA").

## JURISDICTION

2. Jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12117, both of which provide for original jurisdiction for Plaintiff's claims arising under the laws of the United States.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims brought under Massachusetts state law in that such claims are so closely related

1

to Plaintiff's federal claims providing the basis for this Court's original jurisdiction as to satisfy the same case or controversy requirement prescribed by Article 3 of the United States Constitution.

4. In the alternative, this court has diversity jurisdiction over all claims alleged in this action in that Plaintiff is a Alabama resident and Defendant is a citizen of the Commonwealth of Massachusetts for diversity jurisdiction purposes.

## VENUE

5. Venue is proper pursuant to U.S.C. §1391 in that Plaintiff worked for Defendant out of its Boston-Logan airport located in this District, because United conducts business in this District, and because a substantial portion of the events and decision-making behind the events giving rise to this action occurred in this District.

6. Venue is also proper pursuant to 42 U.S.C. § 2000e-(5)(f)(3) because the alleged unlawful employment practices were committed within this district, the employment records relevant to the alleged unlawful employment practices are maintained in this district, and Defendant has purposefully availed itself of the protections afforded by the Commonwealth of Massachusetts in this district.

## PARTIES

7. Sheyenne Myers ("Plaintiff") is an adult resident of the State of Alabama and a United employee who often (or always) worked out of the Boston airport. At all times relevant, Ms. Myers was employed as a Flight Attendant, however, she was unable to work due to was discriminated and retaliated against on the basis of her religion and disability, culminating in her termination on or about October 1, 2021.

8. Defendant United Airlines, Inc. ("United") is a Massachusetts corporation and Plaintiffs' former employer. At all times relevant, United employed more than fifteen (15)

employees and is therefore subject to Title VII, which requires employers (such as United) to reasonably accommodate its employees' (such as Ms. Myers) sincerely held religious beliefs. United is also subject to the provisions of 29 U.S.C. § 2612(a)(1) prohibiting employers (such as United) from terminating employees (such as Ms. Myers) prior to the exhaustion of the twelve (12) weeks of medical leave provided by statute.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. On or about March 22, 2022, Ms. Myers timely filed a charge of discrimination with the EEOC alleging that United discriminated against her on the basis of her religion and retaliation.

2. On or about February 17, 2023, the EEOC issued Ms. Myers her right-to-sue letter, providing that Ms. Myers had 90 days to commence a civil action in federal court.

3. Ms. Myers filed this action within 90 days of receiving her right-to-sue letter, therefore, all conditions precedent to maintaining this action have been satisfied. *See* Exhibit 1.

## STATEMENT OF FACTS

4. On or about August 1, 2021, United notified its field employees, including Ms. Myers, that they were required to become vaccinated against COVID-19 as a condition of continued employment. The deadline to become vaccinated was September 30, 2021.

5. Shortly thereafter, Ms. Myers contacted United and requested information concerning its religious accommodation policy as her sincerely held religious beliefs prohibited compliance with United's new vaccination policy.

6. On or about August 20, 2021, Ms. Myers submitted her request for a religious accommodation.

7.  In her request, she explained to United that she sincerely believes she cannot inject unknown vaccines into her body and highlighted the fact that the ingredients and chemicals contained in the COVID-19 vaccines were unknown, the effects of the vaccines were unknown, and these variables without more information, precluded her from blindly injecting a substance into her body. Ms. Myers sincerely believes that her body is not to be altered in any way other than through means by which God created or through scientifically proven, safe, and effective manmade and necessary medical intervention. To consume or knowingly inject anything else into her body would constitute a sin and prevent her ability from one day, going to Heaven and sharing that Place with God.

8.  On or about September 9, 2021, United purportedly "granted" Ms. Myers' request for a religious accommodation request; however, United did no such thing. The claim that United "granted" her request is nothing more than illusory.

9.  Specifically, to "reasonably accommodate" Ms. Myers sincerely held religious beliefs, United placed her on leave without pay for an indefinite term that ultimately left her without income for more than six (6) months.

10. The alleged "reasonable accommodation" United provided Ms. Myers was anything but accommodating, let alone reasonable. There is no correlation in any regard between curtailing the contraction and transmission of COVID-19 and an electronic deposit of funds into Ms. Myers' account, yet this is precisely what United provided under the pretext of an "accommodation."

11. Moreover, in "granting" Ms. Myers' request for a reasonable accommodation concerning her sincerely held religious beliefs, United concedes that Ms. Myers' sincerely held religious beliefs are both, religious in nature and sincerely held.

12. At issue here is the reasonableness of the purported accommodation.

13. United was not required to compel Ms. Myers' to become vaccinated; rather, United made the decision to do independently and volitionally. And in doing so, United elected to ignore the reasonableness component of its "accommodation" insofar as refusing to pay Ms. Myers because of her sincerely held religious beliefs.

14. This is not an accommodation; this is coercion and a tactic used to break Ms. Myers into succumbing to United's unlawful demand that she violate her sincerely held religious beliefs and subscribe to United's policy based preferences concerning absolute vaccination compliance.

15. In addition to the unreasonableness and vacant accommodating nature of placing Ms. Myers on leave without pay, United's mandatory vaccination policy (the "Policy") does not even effectuate the objective for which the policy was implemented to begin with.

16. Specifically, it is not subject to reasonable dispute that vaccination against COVID-19 fails to prevent the contraction or transmission of COVID-19; thus, an individual who is "fully vaccinated" is just as likely—if not *more* likely—to contract COVID-19 and transmit the virus than someone who is unvaccinated. And whereas an unvaccinated individual has already contracted COVID-19 and developed natural immunity and antibodies to the virus, a vaccinated person is up to twenty-seven times (27x) more likely to contract coronavirus and transmit it thereafter.

17. Despite Ms. Myers' sincerely held religious beliefs being both religious and sincerely held, United failed to accommodate her and as a result, Ms. Myers was left without pay from October 25, 2021 until March 29, 2022.

18. United discriminated against Ms. Myers in refusing to compensate her for months because of Ms. Myers' sincerely held religious beliefs, and the refusal to pay an employee, the

decision to substantially modify, alter, or in this case–eliminate all job duties because of her religion constitutes actionable discrimination.

19. United refused to permit Ms. Myers to work, and then revoked her pay, and United took these adverse employment actions against Ms. Myers because she exercised her fundamental right to free exercise and requested a religious accommodation due to the conflict between her sincerely held religious beliefs and United's mandatory COVID-19 vaccination policy.

20. At all times relevant, Ms. Myers satisfied or exceeded her employer's reasonable expectations as to job performance with or without a reasonable accommodation. Ms. Myers demonstrated her ability to perform the essential functions and duties of her job as evidenced by factors including without limitation, her training, experience, work history, and performance reviews.

21. At all times relevant, Ms. Myers complied with all COVID-19 mitigation protocols United implemented, including *inter alia* wearing masks, socially distancing, and testing for COVID-19 on a weekly basis (collectively, "mitigation protocols"), and Ms. Myers remained amenable to continuing to adhere to such protocols in lieu of receiving any of the available COVID-19 vaccines; none of which she could receive due to her sincerely held religious beliefs.

22. The mitigation protocols, both individually and collectively, have evidenced-based track records demonstrating their effectiveness and the feasibility with which United is able to implement and provide any or all of the mitigation protocols.

23. United not only implemented the aforesaid mitigation protocols; United went so far as to adhere to these mitigation protocols for months during even the height of the COVID-19 pandemic but refused to permit Ms. Myers to continue adhering to these protocols after United learned of Ms. Myers' sincerely held religious beliefs.

24. As evidenced by United's implementation and utilization of COVID-19 mitigation protocols other than vaccination, and the continued use of such alternative mitigation protocols for months, it is not subject to reasonable dispute that permitting Ms. Myers to avail herself of these protocols in lieu of vaccination would not, and does not impose upon United an undue hardship.

25. Ms. Myers has always been amenable, and Ms. Myers remains amenable, to abiding by the aforesaid mitigation protocols, and United was aware of her amenability to these alternative mitigation protocols at all times relevant.

26. The reasonable religious accommodation Ms. Myers sought—the adherence to alternative COVID-19 mitigation protocols United already implemented in lieu of vaccination—would not impose an undue hardship upon United and does not impose an undue hardship upon United.

27. Ms. Myers sincerely holds the religious beliefs explained above.

28. There is no dispute that United and Ms. Myers are in agreement that the religious beliefs Ms. Myers asserted in her religious accommodation request are in fact, religious.

29. Ms. Myers' religious beliefs are sincerely held.

30. There is no dispute that United and Ms. Myers are in agreement that her religious beliefs are in fact, sincerely held. United has never challenged the sincerity with which Ms. Myers holds their beliefs.

31. Ignoring and otherwise refusing to accommodate Ms. Myers' despite being placed on notice of her sincerely held religious beliefs, United's awareness of the availability of reasonable accommodations, and the understanding that Ms. Myers cannot comply with United's mandatory vaccination policy make clear that United's decision to, despite this knowledge, treat Ms. Myers differently by substantially altering the conditions and terms of her employment in

regard to wages, hours, scheduling, duties, and career advancement constitutes adverse employment action—all of which violates Title VII's prohibition on discriminating on the basis of one's sincerely held religious beliefs.

32. Refusing to provide Ms. Myers with a reasonable religious accommodation that does not impose an undue hardship upon United despite Ms. Myers' lawful entitlement to such an accommodation violates Title VII.

33. As a religious person, Ms. Myers is a member of a constitutionally protected class (religion), and the protected class on the basis of religion is entitled to equal protection of law as other protected classes of persons, including those who are disabled.

34. Refusing to reasonably accommodate Ms. Myers' sincerely held religious beliefs and substantially modifying the terms and conditions of her employment while not modifying or substantially altering the terms and conditions of employment for United's non-religious employees constitutes disparate treatment in violation of Title VII.

35. Refusing to provide Ms. Myers with an accommodation on the basis of her sincerely held religious beliefs, while providing reasonable accommodations to other persons similarly situated (e.g., Flight Attendants) on the basis of their religion constitutes disparate treatment in violation of Title VII.

36. Refusing to provide Ms. Myers with an accommodation on the basis of her sincerely held religious beliefs, while providing reasonable accommodations to other persons similarly situated (e.g., Flight Attendants) on the basis of their disability constitutes disparate treatment in violation of Title VII.

37. Other United Flight Attendants were permitted to maintain their employment without modification or alteration to the terms and conditions of their employment despite being

virtually or nearly identically situated to Ms. Myers. For example, disabled United Flight Attendants were permitted to abstain from inoculation without being forced to forego working normally scheduled hours and without loss of pay.

38. United can reasonably accommodate Ms. Myers's religious beliefs through *inter alia* masking, social distancing, and weekly testing.

39. Accommodating Ms. Myers through *inter alia* masking, social distancing, and weekly testing does not impose an undue hardship upon United.

40. Upon learning Ms. Myers was a religious person, United took adverse employment action against her and revoked her pay and otherwise substantially altered the material terms and conditions of her employment.

41. As a result of the aforesaid conduct, Ms. Myers lodges the following claims:

## COUNT I
### RELIGIOUS DISCRIMINATION
**Violation of Title VII, 42 U.S.C. §§ 2000e, *et seq.***

42. Ms. Myers re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

43. Ms. Myers sincerely holds religious beliefs and is a member of a protected class based on her religion.

44. Ms. Myers is an employee within the meaning of Title VII.

45. United is an employer within the meaning of Title VII.

46. Title VII forbids an employer from refusing a job to someone because of her need for religious accommodation, absent proof that granting the accommodation would cause it undue hardship. 42 U.S.C. §§ 2000e(j), 2000e-2(a)(1); *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 774 (2015).

47. This extension of actionable religious discrimination to include a failure to accommodate derives from Title VII's definition of "religion" to include "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j).

48. A plaintiff can therefore make out a *prima facie* case under Title VII by showing (1) she held a bona fide religious belief, the practice of which conflicted with an employment duty; (2) the employer took adverse action—including the refusal to hire—because of the plaintiff's inability to fulfill the job requirement; and (3) the plaintiff's religious practice was a motivating factor in the employer's decision. *See Abercrombie & Fitch*, 575 U.S. at 775.

49. Here, Ms. Myers advised United of her sincerely held religious beliefs—namely, that Ms. Myers sincerely believes she cannot inject unknown vaccines into her body and highlighted the fact that the ingredients and chemicals contained in the COVID-19 vaccines were unknown, the effects of the vaccines were unknown, and these variables without more information, precluded her from blindly injecting a substance into her body.

50. Ms. Myers sincerely believes that her body is not to be altered in any way other than through means by which God created or through scientifically proven, safe, and effective manmade and necessary medical intervention. To consume or knowingly inject anything else into her body would constitute a sin and prevent her ability from one day, going to Heaven and sharing that Place with God.

51. Ms. Myers informed United of this conflict and expressly sought an accommodation.

52. In response to Ms. Myers's request for an accommodation, United took an adverse action against her by placing her on unpaid leave and thereafter, terminating her employment because of her religious need for an accommodation. *See* 42 U.S.C. § 2000e-2(a)(1) (actionable adverse actions include "fail[ing] or refus[ing] to hire," "discharg[ing]," or otherwise discriminating with respect to the "terms" and "conditions" of employment).

53. United made no efforts at all to accommodate Ms. Myers's sincerely held religious objection to its mandatory COVID-19 vaccination policy and then placed her on unpaid leave and terminated her employment because of the aforesaid conflict.

54. United' failure to produce any alternative therefore requires it to have accepted Ms. Myers' proposal absent undue hardship.

55. Accommodating Ms. Myers would not have imposed an undue hardship on United, as evidenced by the utilization of the COVID-19 mitigation protocols as discussed above.

56. Other medical facilities and health systems have not insisted on mandatory vaccination without allowing accommodations for objectors.

57. As a direct and proximate result of the aforesaid complained of conduct and violation of Title VII, Ms. Myers sustained pecuniary and non-economic injuries in an amount that exceeds $75,000.00, including lost wages, benefits, retirement funds, the denial of promotional opportunity, humiliation, embarrassment, unnecessary pain and suffering, attorneys' fees, and costs associated with this action.

## COUNT II
### RELIGIOUS DISCRIMINATION
**Violation of the Mass. Civil Rights Act, M.G.L. c. 151B, §4(1)(A) ("MCRA")**

58. Ms. Myers re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

59. Ms. Myers is a member of a protected class based on her religion.

60. Ms. Myers is an employee within the meaning of the MCRA.

61. United is an employer within the meaning of the MCRA.

62. Ms. Myers is secured a fundamental right under the United States Constitution, United States federal law, and Massachusetts state law, to freely exercise her religion and otherwise maintain employment without being subjected to discrimination, retaliation, harassment, or retaliation on the basis of her religion.

63. The MCRA forbids United from discriminating against Ms. Myers on the basis of her need for a religious accommodation absent proof that granting her an accommodation would impose an undue hardship.

64. Here, Ms. Myers advised United of her sincerely held religious beliefs, as described above.

65. Ms. Myers informed United of the conflict between her sincerely held religious beliefs and United's mandatory COVID-19 vaccination policy and expressly sought an accommodation to the Policy.

66. In response to Plaintiffs' accommodations, United took adverse action against Ms. Myers, as described above.

67. United made no efforts at all to accommodate Ms. Myers' sincerely held religious objection to United's mandatory COVID-19 vaccination policy and nevertheless placed Plaintiffs on unpaid leave.

68. In doing so, United threatened Ms. Myers by pressuring her to engage in a behavior that ran contrary to her fundamental and sincerely held religious beliefs.

69. Exerting pressure to make each Ms. Myers violate her sincerely held religious beliefs constitutes an injury or harm actionable under the MCRA.

70. United also intimidated Ms. Myers by putting fear into her through threatening their careers. This intimidation was committed with the intent to compel Ms. Myers to violate her sincerely held religious beliefs and satisfy United's unlawful demand that she become vaccinated against COVID-19, even though her sincerely held religious beliefs prohibit her from doing so.

71. United also threatened Ms. Myers by exerting force through moral means to constrain her in a manner intended to lead Ms. Myers to engage in a behavior—submitting to a vaccination against their desire and will—that violated her sincerely held religious beliefs. Ms. Myers morally could not submit to becoming vaccinated as doing so was against her will, and her will to abstain from the vaccine was based upon her sincere religious beliefs that prohibit such conduct, as explained above.

72. Accommodating Ms. Myers would not, did not, and does not impose an undue hardship on United.

73. Other airlines who engage in the identical line of work as United and other flight attendants who hold substantially similar or virtually identical positions as Ms. Myers have not been subjected to the discrimination and adverse employment action that United took against Ms. Myers.

74. As a direct and proximate result of the aforesaid conduct and violation of the MCRA, Plaintiff has sustained pecuniary and non-economic injuries in an amount that exceeds $75,000.01, including lost wages, benefits, retirement funds, the denial of promotional opportunity, humiliation, embarrassment, unnecessary pain and suffering, attorneys' fees, and costs associated with this action.

**PRAYER FOR RELIEF**

WHEREFORE, Ms. Myers respectfully prays that this Honorable Court enter judgment in her favor, award such relief as to make Ms. Myers whole and remedy the aforesaid violations of Texas and federal law, and hold United America, Inc. liable and in doing so, award all legal and equitable relief provided by law, including but not limited to:

(a) Issue a declaratory judgment that the practices complained of in this Complaint are unlawful and violate Title VII of the Civil Rights Act and Massachusetts state law;

(b) Enjoin United from pursuing its policy of making no religious accommodations to its oath requirement for its employees;

(c) Require United to adopt hiring and employment policies that comply with Title VII and MCRA, including their requirement that employers make reasonable accommodations to religious beliefs and practices in general and faith-based objections to loyalty oaths in particular and any other appropriate and legally permissible injunctive relief in accordance with proof;

(d) Award Ms. Myers all appropriate and legally available monetary relief, including lost compensation and benefits, in an amount to be determined at trial to make her whole for the loss she suffered as a result of the unlawful conduct alleged in this Complaint;

(e) Award Ms. Myers any interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest;

(f) Award compensatory damages to Ms. Myers to fully compensate her for the pain, suffering, childcare, and other expenses caused by the harmful conduct alleged in this Complaint;

(g) Award Ms. Myers a reasonable amount of attorney's fees for the work of her attorneys in pursuit of this action and the protection of her rights;

(h) Award Ms. Myers all costs, disbursements, and expenses she paid or that were incurred on her behalf;

(i) Award such additional relief the Court deems just and proper; and

(j) Award any other relief as allowed by law.

**DEMAND FOR JURY TRIAL**

Ms. Myers hereby demands a trial by jury of all issues and each and every cause of action so triable.

Dated: May 17, 2023

                                                Respectfully submitted,

                                                /s/ WILLIAM E. GENS
William E. Gens [BBO 556595]
GENS & STANTON, P.C.
12 Ericsson Street
Boston, MA 02122
(617) 206-4675
billgens@genslawoffices.com

                                                /s/ MICHAEL A. YODER
Michael A. Yoder* [VSB 93863]
LAW OFFICE OF MICHAEL A. YODER, PLLC
2300 Wilson Blvd., Suite 700
Arlington, VA 22201
(571) 234-5594
michael@yoderesq.com
*pro hac vice forthcoming